UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAELLE RICHARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:09-cv-00463-RLY-DML |
| | ) |
| MAHAJAN CORPORATION, INC., | ) |
| | ) |
| Defendant. | ) |

## Order on Defendant's Motion to Set Aside Default Judgment

This matter came before the court on the motion (Dkt. 36) by defendant Mahajan Corporation, Inc. ("Mahajan") to set aside the default judgment entered against it and in favor of plaintiff Michaelle Richard. Mahajan argues three grounds for setting aside the default judgment: (1) service of process was not perfected, thus rendering the judgment void; (2) if service of process was perfected, then Ms. Richard obtained the judgment by fraud; and (3) even if the judgment was not obtained by fraud, then Mahajan's neglecting to answer the complaint was excusable. Ms. Richard opposes Mahajan's motion and has filed a motion to strike (Dkt. 43) evidentiary materials submitted by Mahajan with its reply brief. The court DENIES Ms. Richard's motion to strike, and has considered all materials submitted by Mahajan. Consistent with the discussion that follows, the court DENIES Mahajan's motion to set aside the default judgment.

**Procedural History**

Ms. Richard filed her complaint against Mahajan on April 15, 2009, for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Pregnancy Discrimination Act provisions of Title VII, 42 U.S.C. § 2000e(k). Ms. Richard alleged that in August 2008, she

applied for a position at Mahajan's Subway restaurant, was hired, and told to report to work the following week. When she reported for her first shift and told the restaurant manager she needed an extra-large sized uniform because she was newly pregnant, the manager told her to go home and he would call her to return for a different shift. Ms. Richard's complaint described numerous in-person and telephone contacts she made to the restaurant to learn when she should report back to work, but she was never called back.

Ms. Richard initially attempted service of a summons and her complaint on Mahajan by certified mail to its owner, Mr. Subhash Mahajan, at his residence; Mr. Mahajan and his residence address are the registered agent and office for Mahajan Corporation listed in the records of the Indiana Secretary of State. (*See* Dkt. 39 at p. 3). Notice of the mailing was left by the post office at Mr. Mahajan's residence address on April 21, 2009, but the certified mailing was returned to Ms. Richard's counsel on May 8, 2009, because the mailing was unclaimed. (Dkt. 39-1). A new summons was issued and Ms. Richard contends she served the summons and complaint by certified mail to Majahan's place of business, the Subway restaurant at 4979 Emerson Avenue, Indianapolis, with a confirmed delivery on May 7, 2009, at 1:23 p.m. Mahajan did not appear or respond to the complaint.

On June 15, 2009, Ms. Richard filed her application for an entry of default against Mahajan for its failure timely to answer the complaint after being properly served. The application was served on Mahajan to Mr. Mahajan's home. (Dkt. 11). The clerk entered default on June 16, 2009. (Dkt. 12). Ms. Richard then moved on June 16, 2009, for entry of a default judgment, which was served on Mahajan to Mr. Mahajan's home. (Dkt. 13). Majahan did not respond to the motion for default judgment, and the court granted default judgment against Mahajan on July 22, 2009. (Dkt. 14).

Ms. Richard then sought leave to conduct discovery to establish her damages and asked for a hearing on damages. Those motions, filed July 24, 2009, also were served on Mahajan to Mr. Mahajan's home. (Dkt. 15, 16). Mahajan did not respond to the motions. On July 28, 2009, the court granted Ms. Richard's motion to conduct discovery, and on July 29, 2009, granted Ms. Richard's motion to set a hearing on damages, which was set for October 16, 2009. (Dkt. 17, 18). Ms. Richard's counsel sent to Mahajan the court's entry setting the damages hearing by certified mail to the Subway restaurant, and Mr. Mahajan signed the return receipt for that mailing. (Dkt. 37-2). On September 1, 2009, the court entered an order (Dkt. 19) requiring the parties to file a pre-hearing brief regarding recoverable damages and to file witness and exhibit lists before the damages hearing. Ms. Richard filed a pre-hearing brief and witness and exhibits lists, but Mahajan did none of those things. Mahajan did not appear at the October 16, 2009 damages hearing, which was presided over by the magistrate judge. (*See* Dkt. 24). On May 13, 2010, the court adopted the magistrate judge's report and recommendation regarding Ms. Richard's damages, and entered a damages judgment in the amount of $42,678.67. (Dkt. 26).

On May 13, 2010, Ms. Richard moved for proceedings supplemental to her judgment, including requests for bank garnishee-defendants to place holds on accounts or assets in which Mahajan had an interest, and for Mahajan to appear. Her motion was served on Mahajan by mail to the Subway restaurant. (Dkt. 27). Mahajan did not respond to the motion. The court granted Ms. Richard's motion in part, ordered the garnishee-defendants to place holds on Mahajan's accounts or assets, and set a hearing for July 7, 2010, for Mahajan to appear and answer as to its property, income, profits, and exemptions, for satisfaction of Ms. Richard's judgment. (Dkt. 28).

On July 2, 2010, counsel appeared for Mahajan and moved to set aside the default judgment, pursuant to Fed. R. Civ. P. 60(b). Mahajan, through Mr. Mahajan, also appeared with counsel at the proceedings supplemental hearing held July 7, 2010.

**A.      The court had jurisdiction to enter the default judgment.**

As a threshold matter, Mahajan contends the default judgment is void because the court never obtained personal jurisdiction over Mahajan through proper service of the summons and complaint. *See* Fed. R. Civ. P. 60(b)(4). Mahajan is correct that if Mahajan was not properly served with a summons and the complaint, then the court did not have personal jurisdiction over Mahajan, and the default judgment must be set aside as void. *See Homer v. Jones-Bey,* 415 F.3d 748, 753 (7th Cir. 2005) ("If the district court had no jurisdiction over the movant, its judgment is void and it is an abuse of discretion to deny the movant's request to set aside the judgment under Rule 60(b)").

As detailed above, Ms. Richard initially attempted service on Mahajan by certified mail to Mr. Mahajan at his residence, but the mailing was returned as unclaimed. (Dkt. 39-1). A new summons was issued and Ms. Richard contends she served the summons and complaint by certified mail to Mahajan's place of business, the Subway restaurant at 4979 Emerson Avenue, Indianapolis. To prove service by certified mailing, Ms. Richard submitted an affidavit of proof of service, signed by her counsel's legal secretary, attesting that service was accomplished by certified mail (receipt number 91710821333393629215287) with a confirmed delivery by the United States Postal Service to Mahajan's Subway restaurant on May 7, 2009, at 1:23 p.m. The post office documentation does not include a copy of the return receipt for this mailing.

Mr. Mahajan testified by affidavit that he "do[es] not recall receiving the summons or complaint allegedly sent on May 7, 2009." (*See* Dkt. 36-1). He also stated that he and his wife

4

had operated the Subway together on a full-time basis, but when she passed away in April 2008, he became emotionally unstable and depressed, which interfered with his ability to attend to business matters. Mr. Mahajan contends that because of his severe depression, he did not open any mail for nearly an entire year. (*See* Dkt. 42 at p. 2). Mahajan submitted additional affidavits with its reply brief, including a second affidavit from Mr. Mahajan stating that he is sure he did not see Ms. Richard's complaint until July 2010.

Mahajan argues that without a copy of the return receipt, Ms. Richard cannot prove service of the summons and complaint, a burden that she bears. *See Homer,* 415 F.3d at 754 (generally the plaintiff has the burden to show that the court has personal jurisdiction over the defendant, including valid service of process).

The Federal Rules of Civil Procedure do not address service by certified mail, but Fed. R. Civ. P. 4(e)(1) permits service of a summons that complies with the forum's state law. Rule 4.11 of the Indiana Rules of Trial Procedure permits service by certified mail. Indiana Trial Rule 4.11 requires the return of service for certified mail to show the date and place of mailing and include a copy of the "mailed or electronically-transmitted return receipt." Ms. Richard's return of service did not technically comply with Ind. Tr. Rule 4.11 because the return does not include the return receipt. The Indiana Trial Rules contain a savings clause, however, for technical deficiencies in a summons or its service. Indiana Trial Rule 4.15(F) states that "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." *See Homer,* 415 F.3d at 756-57 (analysis whether certified mail service was effective under Indiana law, and thus

effective under Fed. R. Civ. P. 4(e)(1), includes considering Indiana Trial Rule 4.15(F)'s "savings clause").

Based on the record, the court finds that service should not be judged insufficient in this case. The "track & confirm" record from the United States Postal Service states the exact date and time that the summons and complaint were delivered to Mahajan's place of business. It lists the receipt number for the mailing, which matches the certified mailing receipt number attested by the return of service signed by Ms. Richard's counsel's secretary. (*See* Dkt. 39-2). Thus, there is proof that the summons and complaint actually were delivered to the Subway restaurant at a date and time certain; the record is missing only the name of the person that signed for the mailing. Numerous filings in this case were served on Mahajan, either at Mr. Mahajan's home or the Subway restaurant. These include Ms. Richard's application for entry of default (Dkt. 11), Ms. Richard's motion for default judgment on liability (Dkt. 13), Ms. Richard's motions for leave to conduct damages discovery and to set a damages hearing (Dkt. 15, 16), and a July 24, 2009 letter from Ms. Richard's counsel to Mr. Mahajan regarding the default judgment, damages discovery, and the upcoming damages hearing. (Dkt. 39-4). Ms. Richard also sent to Mahajan *by certified mail* to the Subway restaurant notice of the court's damages hearing, a mailing that Mr. Mahajan signed for himself—thus evidencing that a mailing to Mahajan at the Subway restaurant address (like the summons and complaint) was indeed reasonably calculated to inform Mahajan of this action and Mahajan's duties to answer the complaint. *See Homer,* 415 F.3d at 758 (evidence of exact address to which service was made and that service was successful for other mailings to the same address "would suggest that the first service was similarly successful").

Further, Mr. Mahajan explained that he ignored notice of the damages hearing in part because he believed that proceedings before the Indiana Civil Rights Commission had resolved Ms. Richard's complaint for pregnancy discrimination and the "case was closed." (*See* Dkt. 36-1). The court infers from that statement that Mahajan actually received mailings related to this lawsuit, but took no action because Mr. Mahajan believed he did not need to take action.

The court is sympathetic to Mr. Mahajan's grief from the unexpected passing of his wife in April 2008. But Mr. Mahajan's statement that he did not even open his mail for more than a year following his wife's passing is not credible. Mr. Mahajan could not have kept on the lights for his business and home (let alone accomplished other things necessary to run a business and home) if he never opened the mail. The picture painted by the above facts is that Mahajan was not unaware of these proceedings at all, but that Mahajan (through its owner) attempted deliberately to avoid facing them.

Based on the evidence, and the reasonable inferences from the evidence, the court finds that the certified mailing of the summons and complaint received at the Subway restaurant on May 7, 2009, was reasonably calculated to inform Mahajan that Ms. Richard's suit had been filed against it, the name of this court, and the time within which Mahajan was required to answer. Sufficient proof of service has been made, and the court had personal jurisdiction over defendant Mahajan Corporation. The default judgment is not void.

**B.** **<u>Mahajan is not entitled to relief from the judgment for fraud or misrepresentation.</u>**

Mahajan argues that even if the court finds that service of process was perfected for the summons and complaint, the default judgment should be set aside under Fed. R. Civ. P. 60(b)(3) because of alleged fraud or misrepresentation by Ms. Richard in obtaining the judgment. Mahajan asserts that Ms. Richard's complaint was a "fraud" and was based on misrepresentation

because Mahajan never hired Ms. Richard and has no record of any "tax documents, employee numbers or application forms" for Ms. Richard. (Dkt. 37 at p. 3). Mahajan also submitted an affidavit from its restaurant manager, who testified that he is the only manager that could have spoken to Ms. Richard and that the matters alleged by Ms. Richard did not occur. It also submitted an affidavit from a Subway employee who says that she was treated very well by Mr. and Mrs. Mahajan when she was pregnant. (*See* Dkt. 42-2 and 42-1). That Mahajan believes it has evidence contrary to Ms. Richard's claims does not come close to its burden under Rule 60(b)(3), requiring Mahajan to show by clear and convincing evidence that Ms. Richard engaged in fraudulent conduct that kept Mahajan from "fully and fairly" defending itself in this case. *See Wickens v. Shell Oil Co.,* 620 F.3d 747, 758-59 (7th Cir. 2010). Mahajan has not made that showing.

C. **Mahajan has not demonstrated excusable neglect.**

Mahajan's last argument for setting aside the judgment is based on mistake or excusable neglect under Rule 60(b)(1). Mahajan bears the burden to show: (1) it had good cause for failing to answer the complaint; (2) it took quick action to correct the default; and (3) it has a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 630-31 (7th Cir. 2009); *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). This three-part test also applies to a motion that seeks to set aside an *entry* of default, as opposed to a default *judgment*, but the test is applied much more stringently where judgment has been entered. *Jones,* 39 F.3d at 162. The hurdle is high for a party seeking to set aside a default judgment, whose showing must be "more compelling than ordinary lapses of diligence or simple neglect." *Id.*

8

### 1. Cause for Failing to Answer the Complaint and Timely Action to Correct

Mr. Mahajan has explained by affidavit that Mahajan did not timely answer the complaint because it did not know about the complaint and, even if Mahajan had notice of this action, the deep depression and emotional disabilities brought about by Mr. Mahajan's wife's untimely death caused him to neglect the affairs of the business, which should be excused. The court finds that Mahajan has not established good cause for failing to answer the complaint or that it timely acted to seek to set aside the default. *See Cracco,* 559 F.3d at 631 (defendant has burden to show "it had good cause for the late submission of its answer and that it acted in a timely fashion to have the default order set aside"). The substantial delay (nearly one year) between the entry of judgment and Mahajan's motion to set aside the judgment, the fact that numerous mailings in this case were sent to Mr. Mahajan's home or Mahajan's place of business during that year and were ignored (including notice of the damages hearing), and Mahajan's failure to inform itself regarding the legal ramifications of these mailings until bank accounts were frozen (despite the fact that Mahajan apparently has had the same attorney for over twenty years (Dkt. 36-1)), convince the court that Mahajan has not met its burden. Courts cannot excuse defendants from refusing to answer their mail for months and months on end, or from refusing to seek legal advice when they are confused about the meaning of legal documents.

In addition, Mahajan did not act quickly in seeking to set aside the default judgment. The original default judgment was entered in July 2009 and Mahajan waited nearly a year—and only after its bank accounts were frozen—to seek relief. In the meantime, Ms. Richard prepared and served discovery, prepared exhibit and witness lists and a pre-hearing brief for the damages hearing, presented evidence at the damages hearing, and prepared and served documents to collect her judgment. Waiting a year to act (while the opposing party and the court continued to

give necessary attention to the case) is not "quick action." *See Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir. 1994) (concluding that five weeks between default judgment and motion to set it aside was, in the circumstances, not "quick action").

### 2. Meritorious Defense

A meritorious defense is one that "at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones,* 39 F.3d at 165. The bases for Mahajan's meritorious defense are its contentions that Mahajan has no record that it ever hired Ms. Richard, that the things she says occurred could not have happened, and that Mahajan treats pregnant employees well. As noted above, Mahajan submitted an affidavit from its restaurant manager, who testified that he is the only manager who could have spoken to Ms. Richard, that he did not speak to her, and that therefore the matters alleged by Ms. Richard did not happen. Mahajan also submitted an affidavit from a Subway employee, who stated that she was treated very well by Mr. and Mrs. Mahajan when she was pregnant. (*See* Dkt. 42-2 and 42-1). The assertion that Ms. Richard's complaint is unworthy of belief is contradicted by Ms. Richard's evidence that she still possesses the Subway work shirt Mahajan gave her when she was hired. That Mahajan treated well a long-time employee who became pregnant also does not shed much light on the company's conduct in hiring a pregnant employee. But even if Mahajan has met the meritorious defense prong, that is not sufficient for setting aside the default judgment. Mahajan did not meet its burden on the other factors—good cause to excuse answering the complaint and "quick action" to correct default. *Jones,* 39 F.3d at 165 (even if the defendant has a meritorious defense, its failure to demonstrate good cause and quick action is sufficient to deny motion to set aside default judgment).

**Conclusion**

Based on the foregoing analysis, the motion by defendant Mahajan Corporation, Inc. d/b/a Subway to set aside the default judgment against it (Dkt. 36) is DENIED. The plaintiff's motion to strike (Dkt. 43) also is DENIED.

So ORDERED.

Date: _February 3, 2011__

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert David Epstein
EPSTEIN COHEN DONAHOE & MENDES
rdepstein@aol.com

John H. Haskin
HASKIN LAUTER & LARUE
Email: jhaskin@hlllaw.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
Email: rsink@hlllaw.com

Stephanie Sackellares Penninger
HASKIN LAUTER & LARUE
Email: spenninger@hlllaw.com